UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WENDI SAVAGE,

    Plaintiff,                                      CASE NO.:

v.

RACETRAC, INC., f/k/a RACETRAC
PETROLEUM, INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, RACETRAC, INC., (hereinafter referred to as "RaceTrac"), by and through the undersigned counsel, hereby file this Notice of Removal, removing Case No. 16-2022-CA-000008 from the Fourth Judicial Circuit Court in and for Duval County, Florida, to this Court pursuant to 28 U.S.C. §§ 1441(b), and 1446(a). The grounds for removal of this lawsuit are as follows:

### Preliminary Statement of Claims

1. On or about January 6, 2022, Plaintiff filed her Complaint for Damages (Complaint) against RaceTrac in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, styled: ***Wendi Savage, Plaintiff v. Racetrac, Inc., f/k/a RaceTrac Petroleum, Inc., Defendant***, Case No. 16-2022-CA-000008. Plaintiff alleges that she slipped and fell on March 5, 2020, while at the gas pumps of a RaceTrac fueling station located at 5109 University Boulevard West, in Jacksonville, Duval County, Florida. She alleges RaceTrac negligently failed to maintain their premises in a reasonably safe condition.

2. This action is a civil action in which this Court has original diversity jurisdiction under 28 U.S.C. 1332(a)(1) and is one which may be removed to this Court by the Defendant

pursuant to the provisions of 28 U.S.C. 1441(b). <u>Goodwin v. Reynolds</u>, 757 F.3d 1216, 1220-21 (11th Cir. 2014).

3. Plaintiff's Complaint asserts that she has incurred damages in excess of $30,000.00. Further, RaceTrac is in possession of other papers which demonstrate that the amount in controversy exceeds the jurisdictional threshold of $75,000.00. Lastly, there is complete diversity of citizenship amongst the properly served parties.

## Venue

4. In accordance with 28 U.S.C. 1441(a), venue lies in the United States District Court for the Middle District of Florida, Jacksonville Division, because the state court action was filed within this judicial district and division.

## Grounds for Removal

5. The district courts of the United States have original jurisdiction over this action based on complete diversity between the parties, in that RaceTrac is now, and was at the time the action was commenced, diverse in citizenship from the Plaintiff.

6. Plaintiff is a citizen of Florida. The Court defines citizenship by "his or her domicile, or the place of his true, fixed and permanent home and principal establishment…to which he has the intention of returning whenever he is absent therefrom." <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Plaintiff's Complaint does not allege her citizenship, but does state that at all times material to this action, Plaintiff was *and is* a resident of the State of Florida. **See Exhibit A, Plaintiff's Complaint**. Further, RaceTrac is in possession of medical and billing records and other papers which demonstrate that Plaintiff's residence is in Florida. The subject slip and fall occurred in Jacksonville, Florida, and all of Plaintiff's medical treatment to date has occurred in Southwest Florida.

7. Plaintiff's Complaint alleges that RaceTrac is a foreign corporation. Indeed, RaceTrac, Inc., is a corporation incorporated in the State of Georgia with its principal place of business in Atlanta, Georgia. **See Exhibit B, RaceTrac Corporate Information**. For the purposes of determining whether diversity jurisdiction exists, a corporation is deemed a citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. 1332(c)(1). Although a company may conduct business in multiple places, the Supreme Court has determined that the "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 91-94 (2010).

8. Therefore, based upon these true facts, there is complete diversity between Plaintiff and the properly joined and served Defendant, RaceTrac, Inc.

9. Plaintiff alleges that this cause of action for damages exceeds $30,000.00. **Exhibit A, ¶ 1**. Further, Plaintiff seeks damages for "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, inconvenience, medical expenses, including the expense of surgery, hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition." Id. at ¶ 10. She alleges these losses are "either permanent or continuing and Plaintiff will suffer the losses in the future." **Id.**

10. Although Plaintiff did not explicitly state the amount in controversy in the form of a specific sum, her pleadings, and other papers in RaceTrac's possession, attached hereto, demonstrate that the amount in controversy exceeds $75,000. See, e.g., Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010) (Defendants may submit summary-judgment-type evidence relevant to the amount in controversy, including affidavits, depositions, or other evidence to support removal).

11. Because the Plaintiff did not plead a specific amount in damages, this Court may look to the instant Notice of Removal and other evidence relevant to the amount in controversy at the time the case was removed. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) ("Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.")

12. On or about August 11, 2021, Plaintiff issued a settlement demand seeking $295,000.00 to resolve her claims. **See Exhibit "C."** Demand letters and settlement offers that provide specific and good faith assessments regarding a plaintiff's claim for damages may be considered in determining the amount in controversy. See, e.g., Mick v. De Vilbiss Air Power Co., 2010 WL 5140849, *1-2 (M.D. Fla. Dec. 14, 2010); Lutins v. State Farm Mut. Auto. Ins. Co., 2010 WL 6790537, *2 (M.D. Fla. Nov. 4, 2010). See also, Devore v. Howmedica Osteonics Corp., 658 F.Supp.2d 1372, 1381 (M.D. Fla. 2009) (holding that a pre-suit demand letter may be used to "supplement" other evidence of the amount in controversy).

13. In the demand, Plaintiff asserts that she sustained a comminuted and impacted fracture of the distal radius of her left wrist, and a nondisplaced ulnar styloid fracture, which did not heal properly, and has resulted in continued numbness, pani, tingling and weakness in the affected wrist. She has been recommended for surgical release of the ulnar nerve at the left wrist and debridement. She is also claiming injuries including post-concussive syndrome and arthritis. The Plaintiff has incurred $18,000 in past medical bills as outlined in her demand but asserts that future medical expenses related to the surgical release of her ulnar nerve alone total approximately $50,000. Even considering only a nominal award for pain, suffering and loss of enjoyment of life, the amount in controversy clearly exceeds $75,000. See Tapscott v. MS Dealer Service Corp., 77

F.3d 1353, 1357 (11th Cir. 1996) (noting defendant must meet the preponderance of the evidence standard); Moses v. Home Depot U.S.A., Inc., 2013 WL 11977917, at *3 (S.D. Fla. June 19, 2013) ("While a pre-suit demand letter alone may not be determinative of the amount in controversy when it 'reflect[s] puffing and posturing,' … [a demand letter] that provides specific information to support the plaintiff's claim for damages … [is] entitled to more weight."); Wilson v. Target Corp., 2010 WL 3632794, *4 (S.D. Fla. Sept. 14, 2010) (finding that a detailed pre-suit demand letter that delineated the extent of the alleged injuries, the physicians who had treated the plaintiff, and the medical care received from each of those physicians could be considered reliable evidence that damages would exceed $75,000.00); Katz v. J.C. Penney Corp., Inc., 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (holding that the amount in controversy was met where Plaintiff had made a pre-suit demand, based on medical reports, in the amount of $58,995.78 in current medical expenses and $39,800.00 in future medical expenses); La Rocca v. Stahlheber, 676 F. Supp. 2d 1347, 1349 (S.D. Fla. 2009) (holding that the amount in controversy was met based solely on information from medical reports included as part of a pre-suit demand package).

14. District courts are not required to "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." Pretka, 608 F.3d at 770. In conducting this analysis, "courts may use their judicial experience…in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010).

15. Using judicial experience in adjudicating matters involving personal injury, this Court should find that Plaintiff's initial settlement demand for $295,000.00, in conjunction with her surgical recommendation, and continued care as outlined in Exhibit "C", support a

commonsense conclusion that the damages claimed by the Plaintiff exceed the jurisdictional threshold for removal.

16. Finally, to the extent that Plaintiff does not move to remand or otherwise challenge that the amount in controversy does not exceed $75,000.00, this Court should consider that as further evidence that the amount in controversy exceeds the jurisdictional requirement. See, e.g., Devore v. Howmedica Osteonics Corp., 658 F. Supp. 2d 1372, 1380 n.13 (M.D. Fla. 2009) (holding that if the plaintiff were sincere in her contention that the amount in controversy was not met, she could have submitted affidavits admitting the claim was less than the jurisdictional amount) (citations omitted).

17. Accordingly, because this civil action is wholly between citizens of different states, and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a)(1).

## Timeliness of Removal

18. Defendant RaceTrac was served on March 16, 2022. Therefore, RaceTrac files this Notice of Removal within thirty (30) days after receipt of the Complaint setting forth the claims for relief upon which the action is based, and the time for filing this Notice of Removal pursuant to 28 U.S.C. § 1446(b) has not expired.

## Proper Notice of Removal

19. By submitting and electronically signing this Notice, RaceTrac consents to the removal of this matter. See 28 U.S.C. § 1446(b)(2)(A); Nathe v. Pottenberg, 931 F. Supp. 822, 825 (M.D. Fla. 1995).

20. RaceTrac will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). RaceTrac will promptly file a copy of this

Notice of Removal with the Clerk of the Fourth Judicial Circuit Court in and for Duval County, Florida, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

21. As required by 28 U.S.C. 1446(a), attached are copies of all process, pleadings, motions, orders, and other papers served upon Defendant and/or filed in the state court action, labeled as Composite **Exhibit D**, which includes:

  (1) State Court Docket Sheet

  (2) Cover Sheet

  (3) Complaint

  (4) Case Fees Paid

  (5) Summons

  (6) Case Fees Paid

  (7) Notice of Service of Interrogatories to Defendant RaceTrac

  (8) Request for Admissions to Defendant RaceTrac

  (9) Request to Produce to Defendant RaceTrac

  (10) Summons Returned Indicating Service to RaceTrac

  (11) Answer and Affirmative Defenses

  (12) Notice of Appearance of Counsel for RaceTrac

  (13) Defendant's Motion to Strike, or in the alternative, Motion to Dismiss Negligent Mode of Operation Allegations from Complaint and Incorporated Memorandum of Law

  (14) Plaintiff's Motion to Strike Affirmative Defenses

22. RaceTrac reserves the right to amend and/or supplement this Notice of Removal with information and additional bases for removal that may come to light upon further investigation.

WHEREFORE, Defendant, RACETRAC, INC., hereby remove the above-captioned civil action to this Court's jurisdiction.

HALL BOOTH SMITH, P.C.

*[signature]*

SHYLIE A. BANNON (FBN: 67886)
200 West Forsyth Street
Suite 400
Jacksonville, Florida 32202
Tel: (904) 236-4929
Fax: (904) 236-4767
Sbannon@hallboothsmith.com
lcortez@hallboothsmith.com
csanchez@hallboothsmith.com
*Attorney for Defendant*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been filed with this Court electronically through the CM/ECF system and furnished by electronic mail to Daniel M. Grissom, Esq. and Ronald M. Simon, Esq., Simon Trial Firm, at pleadings@simon-trial.com on April 13, 2022.

HALL BOOTH SMITH, P.C.

*[signature]*

SHYLIE A. BANNON (FBN: 67886)
200 West Forsyth Street
Suite 400
Jacksonville, Florida 32202
Tel: (904) 236-4929
Fax: (904) 236-4767
Sbannon@hallboothsmith.com
lcortez@hallboothsmith.com
csanchez@hallboothsmith.com
*Attorney for Defendant*