Filing # 141161991 E-Filed 12/30/2021 05:58:09 PM

| | |
|---|---|
| WENDI SAVAGE, | IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND |
| Plaintiff, | FOR DUVAL COUNTY, FLORIDA |
| v. | CIRCUIT CIVIL DIVISION |
| RACETRAC, INC., f/k/a RACETRAC PETROLEUM, INC., | CASE NO.: |
| Defendant. _____ / | |

## COMPLAINT FOR DAMAGES

Plaintiff, WENDI SAVAGE, by and through her undersigned counsel, hereby sues the Defendant, RACETRAC, INC., f/k/a RACETRAC PETROLEUM, INC. (hereinafter referred to as "RACETRAC"), and alleges as follows:

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of attorney's fees and costs.

2. At all times material hereto, the Plaintiff, WENDI SAVAGE, was and is a resident of the State of Florida, over the age of majority, and who is otherwise *sui juris*.

3. At all times material hereto, the Defendant, RACETRAC, was and is a foreign corporation authorized to and doing business in Duval County, Florida, as a retail gas station located at 5109 University Boulevard West, Jacksonville, Florida 32216 (hereinafter referred to as the "subject premises").

4. Venue is proper in Duval County since the actions which give rise to this lawsuit occurred in Duval County, Florida.

5. At all times material hereto, the Defendant, RACETRAC, by and through its agents, servants, and/or employees, had dominion, possession and/or control of the subject premises, and Defendant owed a nondelegable duty to maintain the subject premises in a reasonably safe

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 01/03/2022 02:38:50 PM

condition for invitees, and Defendant owed a nondelegable duty to warn invitees of dangerous conditions existing on the premises.

6. On or about March 5, 2020, the Plaintiff, WENDI SAVAGE, was lawfully on the subject premises as a customer and business invitee, when she was caused to slip and fall due to the buildup and accumulation of dirty, oily, greasy, slippery and unreasonably dangerous substances on the floor of the premises near one of the gas pumps.

7. At all times material hereto, the Defendant's, RACETRAC, agents, servants, and/or employees acted and were acting within the course and scope of their employment or agency with the Defendant, and Defendant was responsible for their actions and/or omissions committed within the course and scope of this employment or agency.

8. At all times material hereto, the Defendant, by and through its agents, servants, and/or employees, breached its nondelegable duties by committing one or more of the following acts and/or omissions:

   a. By allowing wet, dirty, oily, greasy, slippery and unreasonably dangerous substances and/or contaminants to accumulate and remain on the floor of Defendant's premises so as to create a dangerous condition for invitees;
   b. By failing to properly maintain and/or inspect the premises to ensure they were in a reasonably safe and proper condition for invitees such as the Plaintiff;
   c. By creating a dangerous condition on its premises by failing to inspect, clean and/or remove the buildup of foreign contaminants such as dirt, oil and grease from the floors around its gas pumps;
   d. By allowing a dirty, oily, greasy, and/or slippery dangerous condition to occur with such regularity on its premises that the condition was foreseeable to the Defendant;
   e. By failing to warn Plaintiff about the presence of a dangerous condition on the floor around its gas pumps;
   f. By allowing a dangerous condition, i.e., dirt, grease, oil, and/or foreign contaminants, to exist and remain on the floor of the subject premises for such a

length of time that the presence of this condition was known or should have been known to the Defendant through the exercise of ordinary care;

g. By having actual or constructive knowledge of a dangerous condition on the subject premises but failing to take action to remedy it;

h. By failing to have the proper policies and procedures and/or in the alternative negligently failing to follow its own policies and procedures within which to inspect, maintain, and/or discover the above-mentioned dangerous conditions and remedy same;

i. By failing to change its policies and procedures, despite its knowledge of similar repeated, and foreseeable incidents;

j. By allowing dirty, liquid substances, and/or other slippery liquid residue to spill, and/or accumulate in such a manner so as to create a concealed dangerous condition along the ingress and egress route intended for the general public's use;

k. By failing to properly train, educate, and/or instruct its agents, employees, and/or servants on how to inspect, detect, clean and/or maintain the subject premises;

l. By failing to install or maintain a floor surface which was non-skid or slip resistant in area where Defendant knew spills were likely to occur on a regular basis, and otherwise providing a walking surface which was not fit for its intended purpose; and/or

m. By installing and/or improperly maintaining a floor surface which Defendant knew or should have known became unreasonably slippery and dangerous when contaminated with foreign substances.

9. At all times material hereto, the Defendant, RACETRAC, knew and/or should have anticipated that the subject floor surface posed an unreasonable risk of harm to invitees, notwithstanding any knowledge on the part of the invitee of the condition or the obviousness of the condition, and thus the Defendant had a duty to remedy the condition.

10. As a direct and proximate result of Defendant's breach of its nondelegable duties, the Plaintiff, WENDI SAVAGE, suffered severe bodily injuries and resulting past and future pain and suffering, inconvenience, disability, disfigurement, mental anguish, loss of capacity for the

enjoyment of life, inconvenience, medical expenses, including the expense of surgery, hospitalization, medical and nursing care and treatment, and aggravation of previously existing conditions. The losses are permanent and continuing, and Plaintiff, WENDI SAVAGE, will suffer such losses into the future.

WHEREFORE, the Plaintiff, WENDI SAVAGE, hereby demands judgment for all damages, costs, and interest from the Defendant, RACETRAC, INC., f/k/a RACETRAC PETROLEUM, INC., together with any other relief the Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, WENDI SAVAGE, hereby demands a trial by jury of all issues so triable as a right by a jury.

**SIMON TRIAL FIRM**
*Attorneys for Plaintiff*
First Citizens Bank Tower
2601 South Bayshore Drive
Suite 1010
Miami, Florida 33133
Telephone: (305) 375-6500
Facsimile: (305) 375-0388
Email: pleadings@simon-trial.com

By:   */s/ Daniel M. Grissom*
RONALD M. SIMON, ESQ.
Florida Bar No.: 165262
DANIEL M. GRISSOM, ESQ.
Florida Bar No.: 0008656

[CONTINUED ON THE FOLLOWING PAGE]

## NOTICE OF DESIGNATION OF E-MAIL ADDRESSES

The undersigned, in accordance with Florida Rules of Judicial Administration 2.516, hereby designates the following as their e-mail addresses:

Primary: pleadings@simon-trial.com

*/s/ Daniel M. Grissom*
RONALD M. SIMON, ESQ.
Florida Bar No.: 165262
DANIEL M. GRISSOM, ESQ.
Florida Bar No.: 0008656
